UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF MISSISSIPPI
DELTA DIVISION

---

CLARENCE HARMON                                                               PLAINTIFF

    VERSUS                                      Civil Action No. 2:06cv183-P-A

CITY OF SOUTHAVEN, MISSISSIPPI;
and BRAD CHISM, individually and
in his official capacity                                                      DEFENDANTS

---

**ORDER GRANTING PLAINTIFF'S MOTION {No. 69} TO COMPEL**

---

The plaintiff, Clarence Harmon, seeks an order compelling the defendants to respond to discovery requests as outlined below. Upon due consideration of the motion, the court is of the opinion that it should be granted in part and denied in part.

The plaintiff's claims arise from injuries sustained when he was bitten by Arras, a canine used in connection with the City of Southaven Police. Arras was owned by the City of Southaven and trained for both narcotics and patrol. On the date of the incident, defendant Brad Chism used a remote switch to release Arras from his vehicle in case the canine was needed to apprehend plaintiff. Arras bit plaintiff. It is undisputed that the plaintiff did not see any individual do anything, including opening a car door or any other action, to let the K-9 out of the patrol car. It is further undisputed that the K-9 was not given a command to attack, apprehend or bite the plaintiff. Nevertheless, Defendant Chism testified that the dog is trained to "apprehend" when the back door is opened by the remote device.

1

Plaintiff propounded his Second Set of Requests for Production of Documents and Things to defendants on January 18, 2008. The court granted defendants additional time to respond to the discovery, and defendants filed their responses on February 28, 2008. After consultation, the opposing parties were unable to reach an agreement as to the production of documents requested. The plaintiff's motion was not accompanied by the requisite Rule 37.1 Good Faith Certificate.[1]

Under FED. R. CIV. P. 26(b)(1), "parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense . . . Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." The United States Supreme Court has held that the rules of discovery are to be accorded a broad and liberal treatment. *Hickman v. Taylor*, 329 U.S. 495, 507 (1947). The parties' mutual knowledge of all the relevant facts is a prerequisite for proper litigation. *Dollar v. Long Mfg., N.C., Inc.*, 561 F.2d 613, 616 (5th Cir. 1977).

---

[1] Both Fed.R.Civ.P. 26(c) and Unif. Local R. 37.1(A). Rule 26(c) require a party moving for a protective order to "include a certification that the movant has in good faith conferred or attempted to confer with other affected parties not making the disclosure in an effort to resolve the dispute without court action ...." Rule 37.1(A) also requires counsel to confer in good faith before filing of a discovery motion and provides, "A Good Faith Certificate (Official Form No. 5) shall be filed with all discovery motions, with a copy to the Magistrate Judge." Thus, the moving party's filing of a Good Faith Certificate, in proper form, is a mandatory prerequisite to the court's consideration of a motion for protective order. Under normal circumstances, this motion would be denied on the basis of this omission. However, because the failure to provide this certification was overlooked by the court until after the briefing period was completed, the court will consider the motion on its merits. *See Williams v. Weems Community Mental Health Center* 2006 WL 905955, *1 (S.D.Miss.,2006).

Plaintiff has asked that the defendant be compelled to respond to two requests for production:

>REQUEST NO. 4: Copies of any and all records pertaining to the use of the K-9 Arras or any other K-9 in the line of duty to apprehend a suspect, either as a bite and/or not bite apprehension for the past ten years.
>
>RESPONSE: Defendant objects to Request No. 4 as being beyond the scope of permissible discovery. The request does not seek relevant evidence, nor is it calculated to lead to the discovery of admissible evidence. Further, the request is overly broad. Without limiting the generality of the forgoing, Defendant's assert that the subject case does not involve an apprehension. To the extent necessary, Defendants make this response a Motion for Protective Order.
>
>REQUEST NO. 6: Copies of any and all reports or documentation of individuals who have been injured either by a K-9 including Arras or any other K-9 employed or used by the City of Southaven for the past ten years.
>
>RESPONSE: Defendant objects to Request No. 6 as being beyond the scope of admissible discovery and that same does not seek relevant evidence, nor is it calculated to lead (sic) to the discovery of admissible evidence. Further, the request is overly broad.

As the scope of discovery is broad, and the rules provide that the information sought need not be admissible so long as the request is calculated to lead to the discovery of admissible evidence, the court holds that the information sought by plaintiff are relevant to the subject matter involved in this cause, but not to the full extent of the request. The defendant's responses shall be limited to the action of the K-9 Arras, whose bite gave rise to the instant case, for the three years before the incident giving rise to this case. Defendant shall not be required to respond to inquiries regarding any other K-9 utilized by the defendant.

The defendants' main objection to Request No. 4 is that the request seeks information regarding all reports where a K-9 was used to apprehend an individual, but Arras was not used here for apprehension. Plaintiff had already been apprenended and was handcuffed at the time

3

Arras was released and bit him. Defendant contends that requiring response to these inquiries in such a factually dissimilar case reaches far beyond the scope of discovery allowed under the Rules. However, defendant's argument fails to take into account that Arras is trained to "apprehend" when the back door is opened by the remote device, as in this case. Thus, although the plaintiff was not being "apprehended" by the dog, and it is undisputed that no officer gave a command to warrant the dog's action, no command was necessary. According to Officer Chism's testimony, opening the door of the vehicle by the remote device is all that was necessary for Arras to know that he was to apprehend. Based on Officer Chism's testimony, reports where Arras was used to apprehend an individual would thus be relevant to the instant case as that may have been what the dog thought it was being asked to do, whether a command was given or not. Plaintiff is entitled to discover evidence related to other factually similar scenarios where Arras was released and used in the line of duty, or otherwise, to apprehend an individual the three years before the bite in this case.

With regard to Request No. 6, the defendant has objected that the request is overly broad. The court agrees that the request should be limited to the K-9 Arras and to a three year period preceding the date of the incident giving rise to this case. With those parameters in place, the court finds that the request is within the discovery power as defined by the Federal Rules and the defendants should be required to respond.

Rule 37(a)(5)(A) provides:

> (5) *Payment of Expenses; Protective Orders.*
> **(A)** *If the Motion Is Granted (or Disclosure or Discovery Is Provided After Filing).* If the motion is granted--or if the disclosure or requested discovery is provided after the motion was filed--the court must, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion,

4

the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees. But the court must not order this payment if:

**(i)** the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action;
(ii) the opposing party's nondisclosure, response, or objection was substantially justified; or
(iii) other circumstances make an award of expenses unjust.

Because the plaintiff failed to file the requisite Good faith Certificate, and the defendants objections were not unreasonable, the court concludes that Rule 37 sanctions are not warranted in this case. It is, therefore,

**ORDERED:**

The plaintiff's motion to compel is granted in part and denied in part. The defendants shall provide the discovery requested as outlined above on or before May 6, 2008.

**SO ORDERED**, this the 22nd day of April, 2008.

/S/ S. Allan Alexander_____
UNITED STATES MAGISTRATE JUDGE