IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
DELTA DIVISION

CLARENCE HARMON                                                         PLAINTIFF

V.                                                                      CIVIL ACTION NO.
                                                                        2:06-CV-183-P-A

CITY OF SOUTHAVEN,
MISSISSIPPI, ET AL                                                      DEFENDANTS

## REPORT & RECOMMENDATION

Defendants have filed a motion to enforce a settlement agreement between the parties in this case and for sanctions against the plaintiff [docket no. 97]. Counsel for both parties agree that they reached a settlement agreement, which the plaintiff's counsel represents that plaintiff Clarence Harmon subsequently rejected. The defendant seeks to enforce the settlement agreement and requests attorney's fees and costs incurred from the time that the settlement agreement was rejected through January, 2009. The undersigned held a hearing on the motion on January 6, 2009, at which she heard testimony from the plaintiff, plaintiff's counsel and defendant's counsel, and now makes this Report and Recommendation as provided by 28 U.S.C. § 636(b)(1)(B), .

It is undisputed that counsel for both the plaintiff and defendant began negotiating a settlement of the above styled case on April 2, 2008, and those negotiations were concluded on September 10, 2008. The pertinent details of the negotiation of the settlement agreement and this motion are as follows:

April 2, 2008: The plaintiff's attorney made a verbal offer to settle the case for $50,000.00.

April 16, 2008: Defense counsel communicated a counteroffer of $15,000.00 in a letter to

plaintiff's counsel. Docket no. 97, Exhibit A.

April 17, 2008: Plaintiff's counsel acknowledged the defense counsel's counteroffer in a letter dated April 17, 2008. Docket no. 97, Exhibit B.

July 28, 2008: Plaintiff's counsel contacted defense counsel via e-mail concerning discovery matters and revisited the issue of a settlement. Docket no. 97, Exhibit C.

August 6, 2008: Plaintiff's counsel raised the issue of a settlement offer in an e-mail directed to defense counsel. Docket no. 97, Exhibit D.

August 28, 2008: Plaintiff's counsel contacted defense counsel via an e-mail regarding settlement, indicating that he was authorized to settle for $46,000.00. Docket no. 97, Exhibit E. Defense counsel responded the same day that he was authorized to make a counteroffer of $37,000.00, along with the typical requirements of an order of dismissal with prejudice, release and lien protection and a confidentiality agreement. Docket no. 97, Exhibit F.

September 3, 2008: Defense counsel responded to a counteroffer to settle for $45,000.00 in a letter in which he acknowledged the counteroffer, suggested that they "cut through the chase" and inquired whether the plaintiff would settle for $40,000.00 if the defendants would be willing to settle for that amount. Docket no. 97, Exhibit G. Plaintiff's counsel responded that he would contact the plaintiff regarding the offer. Docket no. 97, Exhibit H.

September 4, 2008: Plaintiff's counsel responded via e-mail to defense counsel that he could settle the matter for $42,000.00. Docket no. 97, Exhibit I.

September 10, 2008: Defense counsel, via letter, notified plaintiff's counsel that the defendants accepted the plaintiff's offer to settle the case in full for $42,000.00, with plaintiff to execute an absolute release of all claims, satisfy any liens on the proceeds and indemnify against

2

any such liens and approve an Order of Dismissal with Prejudice. Defense counsel requested plaintiff's counsel's tax identification number in order to prepare the settlement check. Docket no. 97, Exhibit J.

September 12, 2008: Defense counsel again requested plaintiff's counsel's tax identification number via letter. Docket no. 97, Exhibit K.

September 15, 2008: Defense counsel again requested plaintiff's counsel's tax identification number via letter in order to prepare the settlement check. Docket no. 97, Exhibit L. Plaintiff's counsel responded the same day with the firm's tax identification number via e-mail. Docket no. 97, Exhibit M.

September 23, 2008: Defense counsel sent a letter containing a check in the amount of $42,000.00, an original and two copies of the Full, Final and Absolute Release of All Claims and an original and two copies of the Order of Dismissal with Prejudice to plaintiff's counsel to consummate the final settlement of the case. Docket no. 97, Exhibit N.

All of the above facts are undisputed by the plaintiff Clarence Harmon.

October 7, 2008: Plaintiff's counsel informed defense counsel that despite meeting with the plaintiff on two occasions, the plaintiff rejected the offer of settlement in the amount of $42,000.00. Enclosed in the letter from plaintiff's counsel was the check and unsigned documents. Docket no. 97, Exhibit O.

October 10, 2008: Defense counsel acknowledged receipt of plaintiff's counsel's letter of October 7, 2008. Defense counsel informed plaintiff's counsel that if the plaintiff did not consummate the settlement agreement a motion to enforce the settlement would be filed. Docket no. 97, Exhibit P.

October 12, 2008: Defense counsel again contacted plaintiff's counsel regarding the plaintiff's intention to not settle the case for $42,000.00 and requested that plaintiff's counsel contact him regarding the issue. Docket no. 97, Exhibit Q.

October 13, 2008: Plaintiff's counsel sent a letter to Harmon advising him that the settlement offer had been accepted and conveyed to defense counsel. Because of the agreement, defense counsel was going to proceed with filing the motion to enforce and would be requesting attorney's fees. Counsel advised Harmon to accept the settlement agreement. Docket no. 109, Pl. Exhibit no. 1.

October 20, 2008: Defense counsel filed the motion to enforce the settlement agreement and sanctions in the form of attorneys' fees with this court. Docket no. 97.

This is an action for damages by the plaintiff against the defendants for violation of his rights under the Fourth and Fourteenth Amendments of the United Sates Constitution and under state law under Miss. Code. Ann. §11-46-1 et seq. The court has original jurisdiction over this matter under 28 U.S.C. §§1331 and 1343. The issue of whether there was a settlement is one of contract law,[1] which is governed by Mississippi law in accordance with the well-established *Erie*[2] doctrine.

In order for there to be a settlement, there must be a meeting of the minds. *Parmley v. 84 Lumber Company*, 911 So.2d at 572, citing *Hastings v. Guilllot*, 825 So.2d 20, 23 (Miss. 2002). The party claiming the benefit of the settlement must prove by the preponderance of the evidence

---

[1] *See Parmley v. 84 Lumber Company*, 911 So.2d 569, 573 (Miss.Ct.App., 2005).

[2] *Erie Railroad Co. v. Tompkins*, 304 U.S. 64 (1938).

4

that there was a meeting of the minds. *Id.* The agreement may be established by the actions of the parties or of their respective agents. *Parmley*, 911 So.2d at 572, citing *Bailey v. Worton*, 752 So.2d 470 (¶ 8) (Miss. Ct. App. 1999). Mississippi law recognizes both oral and written contracts. *Parmley*, 911 So.2d at 573, citing *Murphree v. W.W. Transp.*, 797 So.2d 268 (¶ 13) (Miss. Ct. App.2001).

Counsel for the parities negotiated a settlement agreement over a period of five months as evidenced by the correspondence presented by defense counsel. Plaintiff's counsel presented no evidence contradicting the veracity of the documentation and, in fact, agreed that all documents were accurate. The content of the correspondence demonstrates to the undersigned that the attorneys, working on behalf of their clients, negotiated in good faith a settlement agreement of $42,000.00. On September 4, 2008, plaintiff's counsel stated in an e-mail to defense counsel that he "could settle the matter for $42,000.00." Defense counsel accepted the offer on behalf of his client on September 10, 2008. Plaintiff's counsel provided his law firm's tax identification number on September 15, 2008, which was necessary for preparation of the settlement check. The settlement check and necessary paperwork were sent to plaintiff's counsel on September 23, 2008. Moreover, plaintiff's counsel testified at the motion hearing that he believed that a settlement had been agreed to by the parties. Therefore, the preponderance of the evidence demonstrates that there was a meeting of the minds and a settlement was entered into by counsel on behalf of the parties.

The plaintiff, Clarence Harmon, testified at trial that he did not agree to the settlement of the litigation for $42,000.00. Harmon testified that he spoke with his counsel over the telephone

5

and said he would think about the offer,[3] then called back within minutes and left a message on counsel's voicemail that he rejected the offer. Plaintiff's counsel denied receiving such a message. Harmon testified that throughout their relationship he had no problems with communicating with counsel. In addition, plaintiff's counsel testified that Harmon came to his office to review the documents and check, presumably at a date after they were received on September 24, 2008. Harmon testified that he did see the settlement check in the amount of $42,000.00. The undersigned finds that the plaintiff's testimony lacks sufficient credibility to overcome the evidence presented to the court for the following reasons. If Harmon had not accepted the offer in the first instance, there would have been no reason for him to call his attorney almost immediately to specifically reject the offer. Further, if Harmon had rejected the settlement at the time it was offered as he testified, there would have been no reason for him to go to his lawyer's office to review the check and the settlement documents. In light of the documentation presented to the undersigned and the sworn testimony of counsel for both parties, the undersigned finds that there was an agreed upon settlement as demonstrated by a preponderance of the evidence. Thus, the undersigned recommends that the settlement agreement be enforced.

The defendant also asked the court to impose sanctions upon the plaintiff in the form of attorney's fees and costs incurred by defendants since October 7 2008. The defendant contends that, but for the plaintiff's "backing out" of the settlement agreement, the legal costs associated with the motion, preparation of the pretrial order and attendance of the Final Pretrial Conference would not have been incurred. Plaintiff's counsel warned him that the court might assess

---

[3] Harmon could not recall the date on which the telephone conversations occurred.

attorney's fees incurred by defendants in filing the motion to enforce the settlement, and the plaintiff acknowledged receiving that advice at the motion hearing. The plaintiff contests the imposition of attorney's fees and costs associated with preparation for the pretrial order or other costs which are not associated with the motion to enforce the settlement agreement. Although the undersigned recognizes the merit in both parties' positions, she also places the burden on the movant to bring to the court's attention an outstanding motion that could have obviated the need for the preparation of a pretrial order and attendance at a pretrial conference before the disposition of that motion. It was not until the in-person pretrial conference on December 22, 2008 that the outstanding motion and its potential effect was brought to the undersigned's attention. Consequently, only the defendant's attorney's fees and costs incurred as a result of plaintiff's refusal to execute the settlement documents, including correspondence, preparation of the motion to enforce the settlement agreement and attendance at the January 6 hearing should be awarded in the form of sanctions against the plaintiff.

Plaintiff's counsel stipulated in court that attorney's fees in the amount of $150 per hour was reasonable. The undersigned has reviewed the documentation of attorney's fees and costs presented by defense counsel and determined that attorney's fees in the amount of $1545.00 and costs in the amount of $13.80 are reasonable costs associated with the motion to enforce the settlement offer. The undersigned recommends that the settlement of $42,000.00 be reduced by the reasonable costs and fees of $1545.80.

The parties are referred to 28 U.S.C. §636(b)(1)(B) and Fed. R. Civ. P. 72(b) for the appropriate procedure in the event any party desires to file objections to these findings and recommendations. Objections are required to be in writing and must be filed within ten (10) days

7

of this date and "a party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within 10 days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court...." *Douglass v. United Services Automobile Association*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (*en banc*) (citations omitted); *see also United States v. Carillo-Morales*, 27 F.3d 1054, 1061-62 (5th Cir. 1994), cert. denied, 513 U.S.1178, 115 S. Ct. 1163, 130 L. Ed. 2d 1119 (1995).

Respectfully submitted, this the 12th day of January, 2009.

    /s/ S. Allan Alexander
UNITED STATES MAGISTRATE JUDGE